JS 44 (Rev 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
ELAINE L. CHAO, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR

## DEFENDANTS
LOCAL 556, TRANSPORT WORKERS UNION OF AMERICA, AFL-CIO

**303CV2666- L**

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S PLAINTIFF CASES)

County of Residence of First Listed **DALLAS**
(IN U.S PLAINTIFF CASES ONLY)
NOTE.  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

(c) Attorney'S (Firm Name, Address, and Telephone Number)
KATHERINE SAVERS MCGOVERN, ASSISTANT U.S. ATTORNEY
1100 COMMERCE ST., THIRD FLOOR
DALLAS, TX 75242
(214) 659-8650

Attorneys (If Known)

*RECEIVED OCT 31 0*

*CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS*

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

1  U S Government Plaintiff

☐ 3  Federal Question (U S Government Not a Party)

2  U S Government Defendant

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES  (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PLF | DEF |  | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business In This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. NATURE OF SUIT  (Place an "X " in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| 120 Marine | 310 Airplane | ☐ 620 Other Food & Drug | | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | 430 Banks and Banking |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | 450 Commerce/ICC Rates/etc |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | ☐ 640 R R & Truck | ☐ 820 Copyrights | 460 Deportation |
| 151 Medicare Act | **PERSONAL INJURY** | ☐ 650 Airline Regs | ☐ 830 Patent | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl Veterans) | 362 Personal Injury – Med Malpractice | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | 810 Selective Service |
| 153 Recovery of Overpayment of Veteran's Benefits | 365 Personal Injury – Product Liability | ☐ 690 Other | **SOCIAL SECURITY** | 850 Securities/Commodities/ Exchange |
| 160 Stockholders' Suits | 368 Asbestos Personal Injury Product Liability | **LABOR** | ☐ 861 HIA (1395ff) | 875 Customer Challenge 12 USC 3410 |
| 190 Other Contract | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | 891 Agricultural Acts |
| 195 Contract Product Liability | 370 Other Fraud | ☐ 720 Labor/Mgmt Relations | ☐ 863 DIWC/DIWW (405(g)) | 892 Economic Stabilization Act |
| | 371 Truth in Lending | ☒ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 864 SSID Title XVI | 893 Environmental Matters |
| **REAL PROPERTY** | ☒ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | 894 Energy Allocation Act |
| 210 Land Condemnation | 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 220 Foreclosure | **CIVIL RIGHTS** | ☐ 791 Empl Ret Inc Security Act | ☐ 870 Taxes (U S Plaintiff or Defendant) | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 230 Rent Lease & Ejectment | 441 Voting | **PRISONER PETITIONS** | ☐ 871 IRS - Third Party 26 USC 7609 | 950 Constitutionality of State Statutes |
| 240 Torts to Land | 442 Employment | ☐ 510 Motions to Vacate Sentence Habeas Corpus | | 890 Other Statutory Actions |
| 245 Tort Product Liability | 443 Housing/ Accommodations | ☐ 530 General | | |
| 290 All Other Real Property | 444 Welfare | ☐ 535 Death Penalty | | |
| | 440 Other Civil Rights | ☐ 540 Mandamus & Other | | |
| | 340 Marine | ☐ 550 Civil Rights | | |
| | 345 Marine Product Liability | ☐ 555 Prison Condition | | |
| | 350 Motor Vehicle | | | |
| | 355 Motor Vehicle Product Liability | | | |
| | 360 Other Personal Injury | | | |

## V. ORIGIN  (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U S Civil Statute under which you are filing and write brief statement of cause Do not cite jurisdictional statutes unless diversity)

TITLE IV OF THE LABOR-MANAGEMENT REPORTING AND DISCLOSURE ACT O F 1959, 73 STAT. 519 ET SEQ., 29 U.S.C. §§ 481-484

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F R C P 23

**DEMAND $**

CHECK YES only if demanded in complaint
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions).

JUDGE _____     DOCKET NUMBER _____

DATE 10-31-03

SIGNATURE OF ATTORNEY OF RECORD _____

---

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG JUDGE _____

This form was electronically produced by Elite Federal Forms, Inc



UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

OCT 3 1 2003

**CLERK, U.S. DISTRICT COURT**
By _____
Deputy

| | | |
|---|---|---|
| ELAINE L. CHAO, Secretary of Labor, | § | |
| United States Department of Labor, | § | |
| | § | CIVIL ACTION NO. |
| Plaintiff, | § | |
| | § | |
| v. | § | **3 0 3 C V 2 6 6 6 - L** |
| | § | |
| LOCAL 556, TRANSPORT WORKERS | § | |
| UNION OF AMERICA, AFL-CIO, | § | |
| | § | |
| Defendant. | § | |

## COMPLAINT

Plaintiff Elaine L. Chao, Secretary of Labor alleges as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action under Title IV of the Labor-Management Reporting and Disclosure Act of 1959 (Act of September 14, 1959, 73 Stat. 519 et seq., 29 U.S.C. §§ 481-484, hereinafter referred to as "LMRDA" or "the Act").

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 482(b).

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 482(b).

### PARTIES

4. Plaintiff, Elaine L. Chao, is the duly appointed Secretary of Labor, United States Department of Labor. Plaintiff is authorized to bring this action under section 402

**Complaint - Page 1**
complaint

of Title IV of the Labor-Management Reporting and Disclosure Act of 1959 (29 U.S.C. § 482(b)).

5.      Defendant, Local 556 of the Transportation Workers Union of America, AFL-CIO (Local 556 or defendant), is a local labor organization acting as an unincorporated association which maintains its principal office at 2520 W. Mockingbird Lane, City of Dallas, County of Dallas, State of Texas, within the jurisdiction of this Court.  Defendant can be served with process at the above business address.

## FACTUAL ALLEGATIONS

6.      Defendant is a local labor organization engaged in an industry affecting commerce within the meaning of sections 3(i), 3(j) and 401(b) of the Act (29 U.S.C. §§ 402(i), 402(j) and 481(b)), at all times material to this cause of action.

7.      Defendant is, and at all times relevant to this action has been, chartered by and subordinate to the Transport Workers Union of America. AFL-CIO, hereinafter referred to as "the International," an international labor organization engaged in an industry affecting commerce within the meaning of sections 3(i) and 3(j) of the Act (29 U.S.C. §§ 402(i) and 402(j)).

8.      Defendant, purporting to act pursuant to its Bylaws and the International's Constitution, conducted an election of offices on March 14, 2003, which election was subject to the provisions of Title IV of the Act (29 U.S.C. §§ 481-484).

9.      By letter dated March 14, 2003, to the local Executive Board, a complainant, Gary Yeager, a member in good standing of defendant, protested the

**Complaint - Page 2**
complaint

defendant's March 14, 2003 election.

10. By letter dated April 16, 2003, the Local Executive Board denied the protest.

11. By letter dated April 24, 2003, Yeager appealed the decision of the Local Executive Board to the International.

12. Having invoked the available remedies without obtaining a final decision within three calendar months after invocation, Yeager filed a timely complaint with the Secretary of Labor on July 11, 2003, in accordance with section 402(a)(2) of the Act (29 U.S.C. § 482(a)(2)).

13. By letter dated March 25, 2003, to the Local Executive board, a complainant, Melissa Smith, a member in good standing of defendant, protested the defendant's March 14, 2003 election.

14. By fax dated April 16, 2003, the Local Executive Board denied the protest.

15. By letter dated April 24, 2003, Smith appealed the decision of the Local Executive Board to the International.

16. Having invoked the available remedies without obtaining a final decision within three calendar months after invocation, Smith filed a timely complaint with the Secretary of Labor on July 14, 2003, in accordance with section 402(a)(2) of the Act (29 U.S.C. § 482(a)(2)).

17. By letter dated August 1, 2003, the defendant agreed that the time within which the plaintiff may bring suit with respect to the defendant's election be extended

**Complaint - Page 3**
complaint

from September 14, 2003 to September 30, 2003.

18. By letter dated September 9, 2003, the defendant agreed that the time within which the plaintiff may bring suit with respect to the defendant's election be extended from September 30, 2003 to October 14, 2003.

19. By letter dated September 30, 2003, the defendant agreed that the time within which the plaintiff may bring suit with respect to the defendant's election be extended from October 14, 2003 to October 31, 2003.

20. Pursuant to section 601 of the Act (29 U.S.C. § 521), and in accordance with section 402(b) of the Act (29 U.S.C. § 482(b)), the plaintiff investigated the complaint and, as a result of the facts shown by her investigation, found probable cause to believe that violations of Title IV of the Act (29 U.S.C. §§ 481-484) had occurred in the conduct of the defendant's March 14, 2003, election and had not been remedied at the time of the institution of this action.

## COUNT I
## VIOLATION OF THE ACT:
### SECTION 401(e)

21. Paragraphs 1 - 20 are incorporated herein by reference.

22. Section 401(e) of the Act (29 U.S.C. § 481(e)) was violated when the local distributed campaign literature to the members at the Oakland airport in an untimely manner, in violation of the local's bylaws.

23. The violation of section 401(e) of the Act (29 U.S.C. § 481(e)) found and

**Complaint - Page 4**
complaint

alleged above may have affected the outcome of the defendant's March 14, 2003, election for the offices of First Vice President.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment:

(a)     declaring defendant's election for the office of First Vice President to be null and void;

(b)     directing defendant to conduct a new election for such office, under the supervision of the plaintiff;

(c)     for the costs of this action; and

(d)     for such other relief as may be appropriate.

Respectfully submitted,

JANE J. BOYLE
UNITED STATES ATTORNEY

KATHERINE SAVERS MCGOVERN
Assistant United States Attorney
Tx Bar No. 13638020
1100 Commerce Street, Rm 300
Dallas, Texas 75242
214/659-8600
214/767-2916 (fax)

Attorneys for the United States

**Complaint - Page 5**
complaint

 

OF COUNSEL

HOWARD M. RADZELY
Acting Solicitor of Labor

CAROL A. DE DEO
Associate Solicitor

WILLIAM E. EVERHEART
Regional Solicitor

ANDREW D. AUERBACH
Counsel for Labor-Management
Programs

FREDERICK BOWEN
Attorney

United States Department of Labor

**Complaint - Page 6**
complaint