IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ELAINE L. CHAO, Secretary of Labor, United States Department of Labor, | § § § | |
| Plaintiff, | § § | Civil Action No. 3:03-CV-2666-L |
| v. | § § | |
| LOCAL 556, TRANSPORT WORKERS UNION OF AMERICA, AFL-CIO | § § § | ECF |
| Defendant. | § § | |

**SECRETARY CHAO'S NOTICE OF NON-CERTIFICATION OF ELECTION
AND REQUEST FOR STATUS CONFERENCE**

In accordance with the Court's September 30, 2005 Memorandum Opinion and Order, as modified by the October 25, 2005 Agreed Order (collectively Orders), the U. S. Department of Labor supervised the entire election for First Vice President conducted by defendant Local 556, Transport Workers Union of America, AFL-CIO, held on March 15, 2006. This supervised election was by agreement held at the same time as the Local's regularly scheduled election. Thus, the "special" election and the regularly scheduled election included not only the First Vice President position, but also the other elective positions for the Local's leadership. As such, the election was governed by Title IV of the Labor-Management Reporting and Disclosure Act (LMRDA), 29 U.S.C. §§ 481-483, and this Court's Orders.

**A.      The March 15, 2006 Election Violated the LMRDA and Cannot Be Certified**

On March 26, 2006, Ali Bahreman, an unsuccessful candidate for Recording

Secretary's Notice of Non-Certification of Election and Request for Status Conference - Page 1

Secretary, filed an election protest with the Department of Labor. The protest contained several allegations, including an allegation that the local violated section 401(e) of the LMRDA when it enforced a meeting attendance requirement that made the vast majority of Local 556 members ineligible for local office. The Department of Labor investigated each of the allegations.

As a result of the investigation, the Department determined that members who wished to run for local office had to fulfill a provision of the local bylaws that required a member to attend two of the local's four quarterly membership meetings in the year proceeding nominations.[1] The local's four membership meetings are conducted in January, April, July and October in the seven domiciles, or airports, where Local 556 members are located. Members are not restricted in any way regarding what domicile

---

[1] The nominations and election notice for the 2006 election informed members that:

As per the By-Laws, Art. IX, paragraph (a), paragraphs (d), (e), (f), (g), (h), (I) & (k):

A Member, to be eligible for nomination and election to any office, including Board of Election and Negotiating Committee, must, in addition to all other requirements of the International Constitution and these by-laws;

Be on the SWA In-flight seniority list for not less than a period of one (1) year at the time of nominations;

Shall have attended at least two (2) Membership Meetings during the twelve (12) months Preceding nominations; or pursuant to Article XV, Section 6 of the International Constitution, providing within thirty (30) days, after such non-attendance of a Membership Meeting, he/she files a written statement with the Local Recording Secretary with the reasons for his/her non-attendance;

Have maintained continued good standing in the Local for the same twelve (12) month Period.

**Secretary's Notice of Non-Certification of Election and Request for Status Conference - Page 2**

meeting they can attend. For example, a member based in Dallas may attend a membership meeting in any of the other six domiciles. In addition, the local bylaws allow a member who misses a meeting to provide an excuse to the local Recording Secretary. This excuse will allow the member to count the membership meeting he or she missed toward the meeting attendance requirement.

While the complainant admitted that he did not know of any member who wished to run for office in the 2006 election who was prevented from doing so by the meeting attendance requirement, the investigation, which included a review of the local's election and membership meeting records, indicated that only 69 members met the local's eligibility standards, including the meeting attendance requirement, and were eligible for local office. Thus, approximately 99% of the local's 8246 members did not meet local's eligibility standards, including the meeting attendance requirement, and were not eligible for local office.

Section 401(e) of the LMRDA requires that "every member in good standing shall be eligible to be a candidate and to hold office (subject to ... reasonable qualifications uniformly imposed)...." 29 U.S.C. § 481(e). The Supreme Court has specifically held that the "reasonable qualifications" language of section 401(e) should not be read broadly. *Wirtz v. Hotel Employees Union, Local 6*, 391 U.S. at 499; *see also* 29 C.F.R. § 452.36. Courts have held that a meeting attendance requirement, such as the one in Local 556, which disqualifies a large percentage of members violates this portion of the statute. *Herman v.*

**Secretary's Notice of Non-Certification of Election and Request for Status Conference - Page 3**

*Local Union 1011, United Steelworkers of America*, 207 F.3d 924 (7th Cir. 2000) (rule requiring attendance at 1/3 of monthly meetings over two years that made 92% ineligible violated LMRDA); *Doyle v. Brock*, 821 F.2d 778, 780-781 (D.C, Cir. 1987) (rule requiring attendance at 50% of meetings in 12 month preceding the nominations invalid where application of the rule resulted in 97% disqualification rate); *Reich v. International Ass'n of Machinists & Aerospace Workers, Local 751-A*, 148 L.R.R.M. 2806, 2808, (W.D. Wash. 1995) (97% exclusion rate shows that rule requiring attendance at six meetings during previous year is unreasonable);

Accordingly, the Secretary is not able to certify that the March 15, 2006 election for First Vice President of Local 556 was conducted according to the requirements of Title IV of the LMRDA, 29 U.S.C. §§ 481-483.

**B.     Request for a Status Conference Regarding A New Election**

Due to the circumstance of this Court's retained jurisdiction, the Secretary respectfully requests that a status conference be scheduled. The purpose of this status conference would be to establish the procedure which the parties should follow with respect to the Local's failure to conduct the March 15, 2006 election in accordance with the requirements of the LMRDA and this Court's Orders. The Secretary requests that such conference be scheduled as soon as convenient for the Court's and the parties' schedule.

                              Respectfully submitted,

                              RICHARD B. ROPER

Secretary's Notice of Non-Certification of Election and Request for Status Conference - Page 4

UNITED STATES ATTORNEY

KATHERINE SAVERS MCGOVERN
Assistant United States Attorney
Tx Bar No. 13638020
1100 Commerce Street, Rm 300
Dallas, Texas 75242
214.659.8600
214.767.2916 (fax)

Attorneys for the Secretary, U.S. Department of Labor

OF COUNSEL

MICHAEL D. SCHOEN
TX Bar No. 00789610
U.S. Department of Labor
Office of the Solicitor
525 Griffin Street, Suite 501
Dallas, Texas 75202
972.850.3100
972.850.3101 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that I have caused a copy of the foregoing to be served on the

counsel for the Defendant at the address shown below, postage prepaid, U.S. first class

mail, on June 23, 2006

Edward B. Cloutman, III
Law Offices of Edward B. Cloutman, III
3301 Elm Street
Dallas, Texas 75226-2562

KATHERINE SAVERS MCGOVERN

Secretary's Notice of Non-Certification of Election and Request for Status Conference - Page 5